# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

POTENTATE ABIYAH HABIN YAH                                                  PETITIONER

v.                                                                CIVIL ACTION NO. 3:16CV-P774-TBR

MARK BOLTON                                                                         RESPONDENT

## MEMORANDUM OPINION

Petitioner "Ambassador at large Potentate Abiyah Habin Yah (Binyah)" filed this *pro se* action pursuant to 28 U.S.C. § 2241 seeking a writ of habeas corpus. The Court reviewed the petition under Rule 4 of the Rules Governing Section 2254[1] Cases in the United States District Courts. Upon review, the Court directed Petitioner to show cause why his petition should not be dismissed for failure to exhaust his state court remedies. Petitioner filed various documents in response to the show cause Order (DNs 7 & 8). Upon review, for the reasons set forth below, the Court will dismiss the petition for failure to exhaust state court remedies.

Petitioner, a pre-trial detainee at the time he filed this action, is incarcerated at the Louisville Metro Department of Corrections. He states that he is challenging four Jefferson County Circuit Court cases. He presents three grounds for relief. His first ground for relief is brought pursuant to "Article III Section 2 Clause 2 of the United States of America Constitution." In support thereof, he states as follows:

> The defendant is an Ambassador at large. Potentate and Head of Mission of the House of Aharown Sanctuary Ecclesiastical Mission to the "United States" and the United States of America is a Non-Resident Alien. Non citizen of the Commonwealth an Ambassador at large (See official transcripts transcribed by Marlene Kerr out of Chicago IL on 4-19-13 as to Alien Foreign Status. A Native American of the Law Tribe.

---

[1] Rule 4 applies to § 2241 petitions pursuant to Rule 1(b) of the Rules Governing § 2254 cases.

Petitioner's second ground for relief is brought pursuant to the Fourteenth Amendment. In support thereof, he states as follows:

> Due process, the right to a Nationality and to a citizenship and liberty. Judge refuses to hear petitioners motion to Dismiss and inspect, to make an in camera inspection of the record to evidence submitted as exhibits which shows the petitioners citizenship; Political Status, foreign status as an Ambassador at large which includes improper venue. By original Jurisdiction being vested in the Supreme Court of the United States.

Petitioner's third ground for relief is based on the First Amendment. In support thereof, he states as follows:

> Freedom of Religion, and to Assemble and not to be compelled to assemble politically and commit Fraud by representation of fraudulent citizenship to a Foreign Sovereign when I, as messenger and sovereign missionary to the Grand Architect of the Universe, Yahweh of Hosts who is my sovereign. I am under Covenant to the Great God Yahweh and mandate by Exodus 19:6. I cannot hold allegiance to two sovereigns. Thus impleading upon my Ecclesiastical mission to the children of Israel and the House of Aaron.

The relief Petitioner seeks is for this Court to issue a writ of habeas corpus granting his motion to dismiss[2] and releasing him immediately. He further wants this Court to "authorize the writ of restraints, restrain[ing] respondents from all de-nationalizing tactics." Additionally, if the Court does not immediately release him, Petitioner asks that he be brought

> to the proper venue and end the actual controversy over petitioners status by granting a declaratory Judgement and release petitioner immediately upon the findings which is protected by the United States of America Constitution, Title 8 Aliens and Nationality, Original Jurisdiction Pertaining to Foreign Political status of his 1st Amendment rights to go and serve [his] God Yahweh and obey his covenant.

To warrant relief under § 2241, a petitioner is required to exhaust his state remedies prior to bringing such an action. *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489 (1973); *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). "[T]he doctrine of exhaustion of state remedies has developed to protect the state courts' opportunity to confront initially and

---

[2] It appears that Petitioner is referring to a motion to dismiss in the state criminal action.

resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes." *Atkins v. Michigan*, 644 F.2d at 546; *see also Rose v. Lundy*, 455 U.S. 509, 518 (1982). "A rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error." *Rose v. Lundy*, 455 U.S. at 518-19. Unless unusual or exceptional circumstances make it appropriate to reach the merits of a claim not first exhausted in the state court, the habeas petition should be dismissed. *Granberry v. Greer*, 481 U.S. 129, 134 (1987); *O'Guinn v. Dutton*, 88 F.3d 1409, 1413 (6th Cir. 1996) (en banc). The burden is on the petitioner to demonstrate compliance with the exhaustion requirement or that the state procedure would be futile. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Here, as to each ground for relief he raises, Petitioner states in his motion that he has exhausted his administrative or judicial remedies. He further states that he has presented his issues to both the federal and state courts. A review of the docket of this Court shows that Petitioner Habin Ya has filed two prior actions in this Court. He filed a prior § 2241 petition for habeas relief. *See BinYah v. Louisville Metro Corr.*, No. 3:15CV-732-GNS. That action was dismissed on March 17, 2016, for failure to exhaust state court remedies. He also filed an action in which he attempted to remove his state criminal action to the federal court. *See Commonwealth of Ky. Paul Smith 14th Amendment v. Ambassador Abiyah Ha Binyah*, No. 3:15CV-P624-GNS. That action was dismissed, and the Court remanded the matter to the state court. As to presenting his issues in state court, Petitioner indicates that he presented his claim to the "Jefferson Count[y] Court."

3

In response to this Court's show cause Order, Petitioner has submitted various documents. These documents include a number of motions, notices, waivers, summonses, and letters filed in Petitioner's criminal cases in Jefferson Circuit Court and various documents about his religion and his status as an ambassador for his religious tribal nation. Petitioner presents no rulings on his state-court motions and no documents showing that he appealed any relevant circuit court decisions to a higher Kentucky court. "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Petitioner has failed to meet his burden of demonstrating that he has complied with the exhaustion requirement or that the state procedure would be futile.

For these reasons, this action will be dismissed by separate Order for failure to exhaust state court remedies.

## CERTIFICATE OF APPEALABILITY

In the event that Petitioner appeals this Court's decision, he is required to obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A district court must issue or deny a certificate of appealability and can do so even though the petitioner has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002). When a district court denies a petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the

matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the petitioner should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.* This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

Date:


cc: Petitioner, *pro se*
      Respondent
4413.003